IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-30615

---

EDWIN MESADIEU,

Petitioner-Appellee,

versus

IMMIGRATION AND NATURALIZATION SERVICE

Respondent-Appellant.

---

Appeal from the United States District Court
For the Western District of Louisiana

---

April 15, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

The Immigration and Naturalization Service appeals the district court's grant of Edwin Mesadieu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In light of the Supreme Court's decision in *Zadvydas v. Davis*,[1] and this court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 121 S.Ct. 2491 (2001).

decision on remand from the Supreme Court in that same case,[2] we affirm.

I

Edwin Mesadieu was born in the Bahamas in September 1973 to Haitian parents.  He entered the United States most recently as a resident alien in 1990.  In 1994 Mesadieu pled guilty to charges brought by the state of Florida arising out of a domestic dispute between Mesadieu and his then-girlfriend.  These charges included: aggravated assault, throwing a deadly missile into an occupied vehicle, and corruption by threat.  He received probation.  In March 1995, while on probation, Mesadieu was convicted of assault with a deadly weapon and shooting into a dwelling house and was sentenced to 18 months' imprisonment and revocation of his earlier probation.

As a result of these convictions, the INS issued an order to show cause charging Mesadieu with two crimes of moral turpitude not arising out of a single scheme of criminal conduct.  On September 15, 1996 Mesadieu was ordered deported to the Bahamas.  The Board of Immigration Appeals remanded the case for consideration of a waiver of deportation.  In the meantime, Mesadieu was transferred to INS custody after the completion of his prison term in April 1996.  After further unsuccessful proceedings, Mesadieu's deportation order became final on March 14, 1997.

---

[2] No. 97-31345, 2002 WL 385663 (5th Cir. Mar. 12, 2002).

Since then, the INS has unsuccessfully attempted to deport Mesadieu to the Bahamas and to Haiti. Both countries have rejected his request for citizenship or travel documents. Mesadieu requested release following these failures, but his request was denied. The INS continued to detain Mesadieu on the authority of 8 U.S.C. § 1231(a)(6), which allows detention of an alien who is removable based on multiple criminal convictions or "who has been determined to be a risk to the community or unlikely to comply with the order of removal."[3] The INS conducted several reviews of Mesadieu's detention, at all relevant points concluding that he posed a high risk of recidivism and was a threat to the community. In January 1999 Mesadieu filed a petition under 28 U.S.C. § 2241 challenging his continued detention on the ground that, since it was impossible to effectuate the deportation order, the detention violated his due process rights. The district court granted his petition,[4] and the INS now appeals.

II

We review the district court's findings of fact for clear error and its conclusions of law *de novo*.[5] In *Zadvydas*,[6] the

---

[3] 8 U.S.C. § 1231(a)(6).

[4] Mesadieu was released on April 13, 2000. The INS first sought to place Mesadieu in a nine-month rehabilitation program, but the district court balked at the length of the program and refused to approve Mesadieu's participation.

[5] *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000).

[6] The INS, in its briefs to this court before the Supreme Court had decided *Zadvydas*, argued persuasively that this case was factually indistinguishable. Appellant's Brief at 19-20. We agree.

3

Supreme Court, reading § 1231(a)(6) so as to avoid a "serious constitutional threat"[7] concluded that detention was not authorized under the statute when removal was "no longer reasonably foreseeable."[8] The Court also endorsed a presumption that the reasonable period of detention was six months after the beginning of the removal period.[9] This presumption places the burden on the Government to show that "there is no significant likelihood of removal in the reasonably foreseeable future ...."[10] Furthermore, "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[11]

On remand from the Supreme Court, this court determined in *Zadvydas* that the district court's grant of the petition should be affirmed. We based our decision on the fact that Zadvydas had been detained by the INS for more than three years after the expiration of the removal period,[12] creating a presumption, which the INS failed to rebut, that there was no significant likelihood of removal in the reasonably foreseeable future. Similarly here, the

---

[7] *Zadvydas*, 121 S.Ct. at 2503.

[8] *Id.*

[9] *Zadvydas*, 2002 WL 385663 at *4.

[10] *Zadvydas*, 121 S.Ct. at 2505.

[11] *Id.*

[12] *Zadvydas*, 2002 WL 385663 at *5.

4

order of deportation became final in May 1997 (at which time the 90-day period began to run), and Mesadieu filed his § 2241 petition in district court January 1999, which was granted on March 14, 2000. At the time of his filing, Mesadieu had been in INS custody for approximately 20 months, well in excess of the 6 required for the operation of the presumption in his favor. The INS vaguely refers to continuing efforts to deport Mesadieu, but there is no evidence in the record sufficient to rebut the presumption.[13] It is clear that there is no significant likelihood that Mesadieu could be deported in the reasonably foreseeable future, especially given the Supreme Court's admonition that the time frame we are to consider grows shorter with the length of prior post-removal confinement.

In keeping with this court's decision in *Zadvydas*, we affirm the judgment of the district court with the following modification. The district court's judgment "shall not of itself preclude the INS from seeking to return [Mesadieu] to INS custody (if that be otherwise shown to be appropriate) upon a showing that ... there has then become a substantial likelihood of removal in the reasonably foreseeable future ...."[14]

---

[13] The INS offers evidence that Haiti recently began repatriating its citizens after a period during which it was not doing so. This evidence is offered for the first time on appeal, and we may not consider it. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). If Haiti at some point in the future indicates its willingness to accept Mesadieu, then the INS may seek to return him to custody. *Zadvydas*, 2002 WL 385663 at *5.

[14] *Id.*

JUDGMENT AFFIRMED AS MODIFIED.